

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXX
ATTORNEY GENERAL

March 16, 1939

Mr. T. M. Trimble, First Assistant
State Superintendent
Department of Education
Austin, Texas

Dear Sir:                          Opinion No. 0-478
                                   Re:  Extending common school
                                        district teachers' contracts
                                        to a term of two years.

We are in receipt of your letter of March 9, 1939, in which you quote
Article 2750a, and request the opinion of this department upon the
following question:

> "Suppose a board of trustees of a common school district meet
> in May after the new trustee has qualified and taken the
> oath of office and employ their teachers for a term of one
> year.  Then under the law could they meet again in October
> of the same year and raise or extend the contracts to a term
> of two years?"

Article 2750a, Vernon's Revised Civil Statutes, 1925, provides:

> "That trustees of any common school district or consolidated
> common school district shall have authority to make contracts
> for a period of time not in excess of two (2) years with
> principals, superintendents, and teachers of said common
> school districts or consolidated common school districts,
> provided that such contracts shall be approved by the County
> Superintendent. No contract may be signed by the trustees
> until the newly elected trustee has qualified and taken the
> oath of office.  (Acts 1937, 45th Leg., H. B. #137, Para.
> 1, p. 541.)"

In Fikes v. Sharp (T. C. S. 1938) 112 S. W. (2) 774, the court discussed
the above statute although the case was one arising before the  enactment
of the quoted article. McClendon, C. J., in writing the opinion of the
court took that position the Article 2750a permitting two year contracts
was a grant of authority not theretofore held by common school district
trustees.

Articles 2749 and 2750, Vernon's Revised Civil Statutes, 1925, place the
general management and control of the schools, within their district, in

the common school trustees.  The trustees are given power to employ and dismiss teachers, contract with teachers, and manage and supervise the schools subject to certain limitations.  In no instance do we find any express limitation upon the power of common school trustees to modify, change or amend a teacher's contract with the consent and agreement of the affected teacher.

We think the rule expressed in 10 Tex. Jur. p. 356 would be equally applicable to teachers' contracts executed by common school trustees. It is there stated:

> "Power to modify a pre-existing contract is coextensive with the power to initiate it, and is an incident of contractual capacity.  Parties to a contract which has not been fully performed may, by mutual consent, modify it by altering, excising or adding provisions."

Since the board of trustees of a common school district would be authorized to make teachers' contracts in the original instance, for a term of two years, we are of the opinion that they would be authorized to raise or extend such contracts to a term of two years.  We accordingly answer your question in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Cecil C. Cammack

By
    Cecil C. Cammack
    Assistant

CCC:N cb:ldw

APPROVED
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS